IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHERYL LARAMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08-0162 |
| ) | Judge Trauger |
| OZBURN-HESSEY LOGISTICS, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

The defendant has filed a Motion to Dismiss (Docket No. 15), to which the plaintiff has responded in opposition (Docket No. 17). The defendant maintains that, because the plaintiff failed to mark the "Retaliation" block in her Charge of Discrimination, she may not pursue a retaliation claim in this court. It is not disputed that the plaintiff checked the "Race" and "Sex" boxes on her Charge but did not check the "Retaliation" box. (*See* Docket No. 15-1 at 2)

The Sixth Circuit has ruled many times on this issue. The general rule in the Sixth Circuit is that "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigle v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002). It is the "facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, [that] are the major determinants of the scope of the charge." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (internal citations omitted). "[W]here facts related with respect to the charge claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from

1

bringing suit on that claim." *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

Here, the narrative furnished by the plaintiff in her Charge of Discrimination clearly alleges retaliation, in addition to race and sex discrimination. She alleges that, after complaining of sexual harassment to her plant supervisor, she was told she had been fired "for lack of work, but he got two workers from another temporary agency." (Docket No. 15-1 at 2) The plaintiff is clearly alleging here that, although she was told she was fired for "lack of work," that was a pretext for retaliation, in that the company hired two workers to replace her. This was after she had complained of sexual harassment. The facts alleged in the Charge clearly would have prompted the EEOC to investigate a retaliation claim. Therefore, the plaintiff is not precluded from bringing suit on that claim. The failure to mark the "Retaliation" box is not fatal.

For the reasons stated herein, it is hereby **ORDERED** that the defendant's Motion to Dismiss (Docket No. 15) is **DENIED**.

It is so **ORDERED**.

ENTER this 20th day of August 2008.

	ALETA A. TRAUGER
	U.S. District Judge

2

Case 3:08-cv-00162   Document 18   Filed 08/20/08   Page 2 of 2 PageID #: 61